ALPENA TITLE, INC. v ALPENA COUNTY

Docket No. 77-3191. Submitted May 10, 1978, at Lansing.—Decided June 20, 1978.

Alpena Title, Inc., instituted suit against Alpena County, the county board of commissioners and the county register of deeds for a declaratory judgment that the monthly fee charged Alpena Title, Inc., for the copying of the entire tract index maintained by the county was arbitrary and unreasonable. Summary judgment for defendants. Plaintiff was thereafter granted leave to file an amended complaint. The defendants counterclaimed for the unpaid fees owed by the plaintiff. The Alpena Circuit Court, Allan C. Miller, J., found for the defendants on their counterclaim and denied the plaintiff the relief prayed for. Plaintiff appeals. *Held:*

The fee of $600 per month for the wholesale copying of the tract index is not discriminatory and is supported by the record. The board of commissioners may charge a reasonable fee for access to and the copying of tract information. The cost of maintaining the tract index is a factor which may be used in establishing a reasonable fee. The county may include reasonable charges for the time spent by its employees and the inconvenience occasioned by wholesale cross-reference to the instruments listed in the tract index. The section of the Freedom of Information Act pertaining to fees to be charged by a public body for providing a copy of a public record does not repeal or modify the section of the systems of abstracts of title act regarding fees for the inspection of such records and, therefore, the provisions of the latter apply to this action.

Affirmed.

1. RECORDS—MUNICIPAL CORPORATIONS—TRACT INDEXES—COPYING—FEES—STATUTES.

A county board of commissioners may charge a reasonable fee for access to and the copying of county tract index information in

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 66 Am Jur 2d, Records and Recording Laws §§ 19, 21, 193.
[4] 66 Am Jur 2d, Records and Recording Laws §§ 32-46.

accordance with the statute regarding fees for the inspection of such records (MCL 53.147; MSA 5.1007).

2. RECORDS—MUNICIPAL CORPORATIONS—TRACT INDEXES—COST OF MAINTENANCE—REASONABLE FEES—COPYING.

The cost of maintaining a tract index is a factor which may be used in establishing a reasonable fee to be charged for access to and copying of tract index information; a county may include reasonable charges for the time spent by its employees and the inconvenience occasioned to the county by wholesale cross-reference to the instruments listed in the tract index in establishing a reasonable charge for the wholesale copying of a tract index.

3. RECORDS—MUNICIPAL CORPORATIONS—TRACT INDEXES—COPYING— REASONABLE FEES.

A $600 monthly fee charged a title company for the copying of a county's entire tract index is reasonable and non-discriminatory where the fee was calculated according to the cost of maintaining the tract system and supporting documents and based upon the title company's actual use of the tract index in relation to all other persons using the index.

4. RECORDS—FREEDOM OF INFORMATION ACT—FEES—PUBLIC RECORDS —ABSTRACTS OF TITLE—TRACT INDEXES—INSPECTION—STATUTES.

The section of the Freedom of Information Act pertaining to the fees to be charged by a public body for providing a copy of a public record does not repeal or modify the section of the systems of abstracts of title act regarding fees for the inspection of such records; therefore, the provisions of the latter act apply in setting a fee for the copying of tract index information (MCL 15.234, 53.147; MSA 4.1801[4], 5.1007).

*Patrick D. Brady,* for plaintiff.

*Boyce, Yahne, Wenzel & White,* for defendants.

Before: BEASLEY, P. J., and ALLEN and H. E. DEMING,* JJ.

ALLEN, J. What fees, if any, may be charged by a county board of commissioners for the copying of the entire tract index maintained by the county

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pursuant to MCL 53.141; MSA 5.1001? On July 25, 1977, the trial court, sitting without a jury, held that a monthly fee of $600 set by the board of commissioners was reasonable. Plaintiff appeals of right.

Plaintiff, a title company engaged in the preparation of abstracts of title, commenced doing business in Alpena in July, 1975. At that time, plaintiff possessed no records dealing with Alpena County lands. Accordingly, in 1975, it sought permission from the register of deeds to photograph or obtain a photocopy of the Alpena County tract index. When the register of deeds refused permission on the ground that only the board of commissioners could authorize copying the tract index, plaintiff commenced negotiations with the board of commissioners. On January 8, 1976, the board of commissioners, by resolution, established a monthly fee of $600. Petroleum Abstract & Title Service, Inc., a corporation furnishing abstracts to oil companies, was also charged and was paying without objection $600 per month for use of the tract index.

Alpena County is one of some 27 counties which maintain a tract index. It was undertaken during the depression with Federal funds but since then has been maintained with general county funds. Plaintiff's only competitor, Northern Abstract and Title Company, owned its own tract records which it had acquired by purchase from two preceding companies. It rarely referred to the county tract books but, during the noon hour would make copies of recorded instruments for updating its own tract books. Occasional users of the tract index including attorneys, surveyors and real estate dealers, were not charged for tract index use but certain oil companies or petroleum abstractors

who frequently used the index were charged $10 an hour. This charge was raised to $12 an hour as of January 1, 1977.

Plaintiff refused to pay the monthly charge, instituted suit on January 16, 1976, and continued to use the tract index until October 20, 1976, at which time the board of commissioners denied plaintiff further use of the index until the then current arrearage of $5,690 was paid. Summary judgment in favor of defendants was entered September 2, 1976. Plaintiff then obtained a new attorney who promptly filed a motion for a new trial. The motion was denied but plaintiff was granted leave to file an amended complaint. On February 3, 1977, plaintiff filed an amended complaint for a judgment (1) declaring the fee of $600 per month unreasonable and arbitrary, and (2) declaring that plaintiff had the right to copy the tract index pursuant to reasonable rules and regulations. Defendants counterclaimed for the $5,690 in unpaid fees. Following a two-day bench trial, the trial court entered judgment on July 25, 1977, denying plaintiff the relief prayed for on its amended complaint, and granting judgment for $5,690 on defendants' counterclaim.

Initially, we address the question of whether a county may make any charges at all for the inspection of tract records maintained in the office of the register of deeds. In *Burton v Tuite,* 78 Mich 363; 44 NW 282 (1889), our Supreme Court held that records in the office of the register of deeds were public records open to inspection by the general public without charge.[1] However, in 1921, the Legislature enacted the system of abstracts of

---

[1] Only three of the five justices participated in the decision. Three justices held that the register of deeds' records were public records and, as such, were open to inspection by the public. Only two justices agreed that no charge for the information could be made.

title bill. MCL 53.141 *et seq.;* MSA 5.1001 *et seq.*
Under that statute, any county which then maintained a county tract index was authorized to
charge for the inspection of tract index records.

"Sec. 7. All books, records, indexes and memoranda of
the systems hereby authorized shall at all reasonable
hours be open for inspection by any person lawfully
entitled to have access thereto *under such reasonable
rules and regulations and subject to such fees and
charges* as may be from time to time established by the
abstractor, subject to such limitations and restrictions,
if any, as may be from time to time made by the board
of supervisors." (Emphasis supplied.)

No Michigan case has interpreted the above section. But in *Lawyers Title Ins Corp v Youngblood*
(Unpublished memorandum opinion, civil No.
31729, ED Mich, 1971), Judge Thornton held that
under authority of the statute, the board of commissioners might charge defendant Transamerica
Title Insurance Company for the wholesale copying of all of the tracts. Clearly, Alpena County,
which along with some 26 other counties maintains a tract index, falls within the purview of
MCL 53.141; MSA 5.1001, and may impose reasonable charges for access to and the copying of tract
information.

We next inquire whether the fee of $600 per
month was reasonable. Plaintiff does not seriously
dispute the right of the county to impose a charge
but contends that any charge imposed must be
limited to examination of the tract books themselves and may not include charges for time spent
by plaintiff in cross-referencing and examining the
instruments referred to in the tract index.

The tract index maintained by Alpena County
consists of seven volumes containing approximately 3,000 pages. Entries in the index refer only

to liber and page,[2] and do not contain the names of the parties to the instrument. Thus, the tract index alone is not sufficient for plaintiff's purposes. It is valuable to plaintiff only if plaintiff may then pull from the files the liber referred to, examine them and make a copy thereof or notes therefrom. Based on the transcript, it appears that for each hour spent in examining or copying the tract index, several hours are required to cross-reference. While plaintiff is willing to pay $10 per hour for each hour required for its work on the tract index, it is unwilling to pay anything but a minimal fee for the additional hours of cross-reference usage. Plaintiff contends that because the fee charged by the county included reimbursement for time expended in cross-referencing and copy work, the $600 monthly fee is unreasonable. Additionally, plaintiff contends that defendant's expert witnesses improperly predicated their estimate of a reasonable charge by considering the commercial value of the tract index and the expense of maintaining the index.

We are not persuaded that the costs of maintaining the tract index is a factor which may not be used in establishing a reasonable fee. *Lawyers Title Ins Corp, supra,* held such costs could be considered. In that case Transamerica argued that the charge sought to be imposed by the Wayne County Board of Commissioners should not exceed the bare cost of copying the tract book. In rejecting this claim the court said:

"The operation of the tract index is *something of a*

---

[2] Tract index is a system of record-keeping that indexes properties by location or lot rather than by grantor-grantee. The entry refers to a liber and page of either deeds or mortgages. It does not give the names of the parties or the detailed description of the property. This information is supplied by examination of the liber and page referred to.

*going business that is an expense to the county, both retroactively, presently and in futuro.* The fees charged are *intended to defray, to some extent, this expense.* The parties are really in agreement on these points. We now approach the divergence point. Transamerica, and Transamerica alone, considers that it is the same as an individual inspector. Generally such an individual pays the set fee and copies the record with respect to a particular tract. Transamerica says that the right to copy in wholesale fashion the records of ALL the tracts should cost them exactly the total amount arrived at by adding up the cost for copying each tract. The other parties say that in the case of such copying of the tract index in its entirety the whole is much greater than the sum of its parts.

"Transamerica is surely entitled to inspect and copy the tract index records. Neither the State of Michigan nor the County of Wayne, by their respective governing bodies, has seen fit to indicate that there are those who may copy and those who may not. The State Legislature has seen fit, however, to place this function in charge of the county governing body, the Wayne County Board of Commissioners. It is they who make the determinations affecting the maintenance of the Wayne County Tract Index. They would, no doubt, look aghast at the specter of a United States District Court usurping the function explicitly delegated to them by the Legislature of the State of Michigan. The task of determining, in the first instance, whether wholesale copying of the tract index is different from single tract copying, fee-wise, and if so what the fee differential should be, lies squarely in the lap of the Board of Commissioners." (Emphasis supplied.)

Nor are we persuaded by the distinction which plaintiff draws between the propriety of charges for time spent in examining and copying the tract index as such and the impropriety of charges for time expended in cross-referencing to the books containing deeds, mortgages and other instruments affecting title. Usage of the tract index in

its entirety is so inextricably intertwined with use of the grantor-grantee conveyances and mortgages, that a county, in establishing a reasonable charge for the wholesale copying of a tract index, may include reasonable charges for the time spent by its employees and the inconvenience occasioned to the county by wholesale cross-reference to the instruments listed by liber and page in the tract index. Throughout the hearing, defendants insisted that the fee charged did not include plaintiff's time spent examining deeds and mortgages. Assuming, *arguendo,* that it did, we find no fault provided the testimony supports the charge.

Does the record support the trial court's finding that the fee charged was reasonable and non-discriminatory? Plaintiff's president testified that after contacting the counties operating a tract index he received responses from 17; that only 4 of the 17 charged for use of the tract index; that of these 4, Clare, Montmorency and Jackson had an hourly charge, and Oakland charged $1,000 a month for unlimited access, and $600 to $800 a month for limited access. He stated that county population has a relationship to the size of the fee and that if Oakland's fee were adjusted to Alpena's population the Oakland charge would be about $50. Unfortunately none of the four mentioned counties were confronted with a situation, as here, where a newly established firm was seeking to copy the complete tract book and all conveyances. Defendant's expert witness testified from a written appraisal which he had made for the assistance of the county board. He stated that the cost of reproducing the tract index was $195,000, but if one would deduct therefrom some of the defects of the index, the tract's "actual value" was $130,000. He further testified that based on an actual or market

value of $130,000, the fair rental value of the index was $1,050 a month for unlimited use but could be reduced to $850 per month if the office was not used by more than one person at a time for a maximum of five hours a day. He further testified that the county was spending $17,852 annually "to support the tract index in addition to the required records". The register of deeds testified that plaintiff's use of her office was 70% of the total use of her office by all persons. Plaintiff's president estimated his company's use of the office was 25% of the total use.

This Court concludes that the monthly charge of $600 is supported by the record. If the holding in *Lawyers Title Ins Co, supra,* that fees may reflect the county's cost "both retroactively, presently and in futuro", is accepted, then clearly a fee of $850 per month is sustainable. But assuming, *arguendo,* that neither replacement nor market value is a factor which may be considered, the $600 per month charge is supported by the uncontradicted testimony that the cost of maintaining the tract system and supporting documents is $17,852 annually. At 70% usage, plaintiff's annual share of the cost if $12,496.40. If plaintiff's use is the mid-point between plaintiff's estimated 25% and defendant's 70% usage, then the use factor is 47.5% or $8,479.70. Either figure is higher than the $7,200 annual charge established by defendants.

Contrary to plaintiff's assertion, we do not find the fee discriminatory. All other persons, save Petroleum Abstract & Title Service, Inc., used the tract index or deeds and mortgage records for brief periods of time. Northern Abstract and Title Company, plaintiff's only competitor, possessed its own tract indexes which it had purchased from two previous abstracting companies. Consequently,

Northern's use of the tract was virtually nil. The closest comparison to plaintiff's situation is the fee of $600 per month charged Petroleum Abstract & Title Service, Inc. Its use of the office—10 to 13 days a month—was far less than plaintiff's almost daily use. While it is true that plaintiff was treated differently in respect to having to work at the outer counter where books and records were brought to it and was denied access to the vault, the record also discloses that the vault area was small, and special accommodations were required for plaintiff's intensive use of the records. The testimony fully supports the trial judge's findings in this respect.[3]

Lastly, we are told that the fee in question is excessive because it violates § 4 of the recently enacted Freedom of Information Act. MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* That section reads in part:

"(1) A public body may charge a fee for providing a copy of a public record. Subject to subsection (3), the fee shall be limited to actual mailing costs, and to the actual incremental cost of duplication or publication including labor, the cost of search, examination, review, and the deletion and separation of exempt from nonexempt information as provided in section 14.

---

[3] "The plaintiff company in the interim and during the pendency of these proceedings used the offices of the Register of Deeds, both the statutory and the tract index books, and began its infant operation. It had no independent records and, as a result, maintained a rather continuous and intensive use of the facilities, being anywhere from 15 minutes to five hours a day in the office of the Register of Deeds; the same being a relatively small space being only one major counter. And it would appear from the diagrams and photographs that would not be room for any—much room for any additional counter space.

* * *

"The vault area of the Register of Deeds it *[sic]* not a large area, and there is no question but what the intensive use that was planned by the Alpena Title Company was a special burden upon the Register of Deeds Office and one that required accommodation."

* * *

"(3) In calculating the costs under subsection (1), a public body may not attribute more than the hourly wage of the lowest paid, full-time, permanent clerical employee of the employing public body to the cost of labor incurred in duplication and mailing and to the cost of examination, review, separation, and deletion. A public body shall utilize the most economical means available for providing copies of public records."

This statute took effect April 13, 1977—a date considerably later than when the fee was set in January 1976, or when the arrearage of $5,690 had accrued in October, 1976. Thus, the statute does not apply to defendant's counterclaim on which judgment was entered. But does the statute repeal or modify § 7 of the systems of abstracts of title law cited earlier in this opinion? We think not. That statute was not repealed although the Legislature did repeal other statutes.[4] The fact that the Legislature repealed some provisions of existing laws but did not repeal any portion of the system of abstracts of title statute, indicates that the Legislature did not intend that the new statute should apply. Additionally, the title of the Freedom of Information Act does not appear to include the subject matter in the instant dispute.[5] We are not here seeking disclosure of information regarding the affairs of government or the conduct of officials. We find nothing here which would contribute to participation "in the democratic process".

Affirmed, costs to defendants.

[4] Sections 21, 22 and 23 of 1969 PA 306 entitled the Administrative Procedures Act were repealed. MCL 15.245; MSA 4.1801(15).

[5] "It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process." MCL 15.231(2); MSA 4.1801(1)(2).